Harold Tessler, J.
Motion by Motor Vehicle Accident Indemnification Corporation (hereinafter called MVAIC) to stay arbitration on the ground that the claimant has refused to comply with the requirement of Condition No. 3 of the Uninsured Motorists’ Endorsement, which is the contract pursuant to which arbitration is sought.
Condition No. 3 requires that11 The injured person shall submit to physical examination by physicians selected by MVAIC when and as MVAIC may reasonably require ”.
It appears that MVAIC received a notice of claim from the claimant herein on June 6, 1961, and that a formal demand for arbitration was filed on November 7, 1961. Subsequently *177 MVAIC moved in the Supreme Court, Nassau County, to stay the arbitration proceedings on grounds other than those which are propounded herein. The application was denied by an order of that court, dated January 2,1962. The claimant was examined before trial by MVAIC on February 6, 1962, at which time the latter was apprised of the claimant’s physical injuries. On April 27, 1962, the claimant’s attorney forwarded notarized hospital authorizations to MVAIC.
The arbitration date was set on August 8, 1962 for a hearing on September 5, 1962. The instant application was brought on by order to show cause obtained on September 4, 1962. It further appears that at no time during the 15-month period that this claim has been pending before MVAIC, has that corporation ever served a notice to conduct a physical examination or requested one in writing.
Under these circumstances, MVAIC has not demonstrated that its application is made in good faith. By the terms of the arbitration agreement a claimant must submit to a physical examination when and as MVAIC may reasonably require. Since MVAIC, during the 15 months in which it had knowledge of the claim and during the 7 months in which it had knowledge of the severity of the injuries, did not choose to request such an examination, this motion to stay arbitration on the very eve of the proceeding on the ground that the examination had not been conducted, is not timely.
The contract conditions do not require that every claimant submit to a physical examination, but only those claimants who may reasonably be required to do so by MVAIC. (Hoffman v. Motor Vehicle Acc. Ind. Corp., N. Y. L. J., Sept. 7, 1962, p. 10, col. 1.)
In the opinion of the court, MVAIC waives its right to such an examination when it does not request it within a reasonable time after it has knowledge of the severity of the injuries claimed or within a reasonable time after the arbitration hearing has been set down for a day certain. The application is denied.